ALFRED A. MANSOUR, Judge, Pro tern.
The sole issue presented in this appeal is whether defendant was arbitrary and capricious in delaying payment of $284.00 medical expenses, thereby entitling plaintiff to recover a 12% penalty and attorney’s fees under La.R.S. 23:1201, et seq. The trial court ruled that it was not. We affirm.
Plaintiff was a sales representative for William H. Rorer, Inc., a pharmaceutical manufacturer. He called on physicians to promote pharmaceutical drugs manufactured and sold by his employer. On April 2, 1984, he was injured in an automobile accident and made a claim for worker’s compensation benefits. His medical expenses amounted to $284.00, and he requested defendant to pay them. A claim representative of Aetna Insurance Company, insurer of plaintiff’s employer, requested that plaintiff give him a recorded statement for the purpose of verifying the facts of the accident and that it had occurred in the course and scope of plaintiff's employment. Plaintiff, through his attorney, refused to give a recorded statement. He was willing to give a statement so long as it was not recorded. For that reason, Aet- *431 na did not pay the medical bills until after suit was filed and it had taken the deposition of plaintiff. Aetna contends that since plaintiff was the only witness available to substantiate his claim that the accident occurred while he was on his way to see a physician for the purpose of soliciting sales of his employer’s products, it should not be required to pay the medical bills until it could take a detailed recorded statement from the plaintiff himself. Aetna, after taking plaintiff’s deposition and determining with certainty that plaintiff had a valid worker’s compensation claim, paid the bills promptly.
The trial judge made a factual determination that Aetna was not arbitrary and capricious and, therefore, denied plaintiff’s claim for penalties and attorney’s fees. We are not convinced that this finding of fact by the trial judge was manifestly erroneous. See Chapman v. Belden Corporation, 414 So.2d 1283 (La.App. 3 Cir.1982), reversed on other grounds, 428 So.2d 396 (La.1983).
Defendant has urged this court to award damages for frivolous appeal pursuant to La.C.C.P. Art. 2164. Although we affirm the trial court, we do not find the appeal to be frivolous and, therefore, deny this claim.
Costs in both courts are assessed against plaintiff-appellant.
AFFIRMED.