JjDREW, J.
This dispute is over the reasonableness of the elapsed time between the worker’s compensation claimant’s request for authorization to seek medical treatment and the employer’s granting him the authority to do so. The employer, Roofing Supply, Inc. of Monroe, and LUBA (Louisiana United Businesses Association, a self-insured fund providing benefits to Roofing Supply) appealed the award by the Worker’s Compensation Judge (WCJ) of penalties and attorney’s fees. The claimant answered this appeal, seeking an increase in attorney’s fees and the assessment of appellate attorney’s fees and costs against Roofing Supply and LUBA. For the following reasons, the judgment is amended and affirmed.

Factual and Procedural Background

Roofing Supply and LUBA stipulated that Ronnie Boothe injured his right shoulder on April 4, 2000, while in the course and scope of his employment with Roofing Supply. It is undisputed that compensation was paid. Boothe was released by Dr. Douglas C. Brown as having reached maximum medical improvement on August 4, 2000, when Boothe last sought treatment for his shoulder injury.[1]
On June 25, 2003, Boothe requested authority to seek treatment for his right shoulder from Dr. Brown. The employer denied authorization and sought to obtain Boothe’s recorded statement. On July 2, 2003, Boothe filed a disputed compensation claim form. The parties unsuccessfully mediated on July 30, 2003.
laAt the February 20, 2004, trial, Jodi Jacobsen, senior claims manager for Risk *125 Management Services (which handled worker’s compensation claims for the employer) testified:
• She handled Boothe’s claim.
• On June 25, 2003, Boothe’s attorney contacted her to request that Boothe be approved to see Dr. Brown.
• She denied approval because she wanted to take Boothe’s statement.
• The attorney faxed her a letter on July 1, 2003, answering the questions she wanted to ask Boothe.
• Prior to the June 25, 2003, request for treatment, Boothe had last sought treatment with Dr. Brown for his right shoulder on August 4, 2000, when the doctor reported that Boothe had reached maximum medical improvement and was released.
• Her refusal to authorize . treatment was predicated upon the almost three years that had elapsed since Boothe had sought medical treatment for the injury. She wanted to determine that the treatment was related solely to his worker’s compensation injury and that there had been no new injuries, accidents, motor vehicle claims, or worker’s compensation claims. Since LUBA and Risk Management normally take recorded statements from the claimants, she decided a statement from Boothe was necessary.
Jacobsen acknowledged that the attorney’s letter answered her questions and that the sole basis for denying treatment authorization was that she wanted a statement directly from Boothe. She would not approve the treatment until she got the statement.
The parties stipulated that the employer initially scheduled Boothe’s deposition on November 18, 2003. The claims manager explained the delay between the July 2003 mediation and the December 10, 2003, deposition by stating they were waiting for responses to their discovery requests. At his deposition, Boothe gave essentially the same responses as his attorney had | ^provided earlier. The employer learned that Boothe had been treated in the interim three years by his family physician. Following the deposition, the employer on December 29, 2003, requested the records from Boothe’s family physician to determine Boothe had not reported a new injury. On January 23, 2004, the employer received that doctor’s records and then gave authority for Boothe to see Dr. Brown.
At the end of the hearing, the WCJ stated:
1201 of the Worker’s Compensation Act provides that medical treatment is supposed to be provided when it is reasonably related to the work accident, and if the authorization for such medical treatment is withheld arbitrary and capriciously, then the employee is entitled to penalties and a reasonable attorney’s fee. I think it was not unreasonable for the employer in this case to request information regarding whether or not the cause of the treatment was related to the work accident, whether or not the claimant had been involved in any intervening accidents which would cause the treatment he was requesting.
(Emphasis ádded.)
The WCJ went on the determine that the claimant’s attorney “readily provided that information” in a July 1, 2003, letter stating the claimant’s compensable injury was still bothering him and claimant had not been in any other accidents. The WCJ observed that Boothe’s attorney, as his agent, was legally obligated to provide correct information and did supply all the information necessary for the employer to determine' that the requested treatment was related to the compensable injury. *126 Therefore, the company should have authorized treatment at that time. The AL J awarded Boothe penalties of $2,000.00 and attorney’s fees of $2,500.00 in a judgment signed March 10, 2004.

\ ¿Discussion

La. R.S. 23:1201(F) directs that failure to consent to the employee’s request to select a treating physician shall result in the assessment of a penalty which shall not exceed a maximum of two thousand dollars for any claim together with reasonable attorney fees. If the claim is reasonably controverted, penalties and attorney’s fees shall not be awarded. La. R.S. 23:1201(F)(2).
Concerning the award of penalties and attorney’s fees, Roofing Supply and LUBA argued that the WCJ was clearly wrong and manifestly erroneous in applying the “arbitrary and capricious behavior” standard as opposed to the “reasonably controverted” standard. Because the WCJ applied the wrong standard, this court must make a de novo review, according to the employer.
In ■ Thomason v. Wal-Mart Stores, Inc., 37,520 (La.App.2d Cir.9/4/03), 852 So.2d 1283, writ denied, 2003-2774 (La.12/19/03), 861 So.2d 573, this court discussed that failing to reasonably controvert a claim requires action of a less egregious nature than arbitrarily and capriciously failing to provide benefits. Arbitrary and capricious behavior is willful and unreasoning action without consideration or regard for the facts and circumstances. An employer reasonably controverts a claim if the employer possessed factual and/or medical information to reasonably counter the factual and medical information presented by the claimant. Thomason, supra.
| ñStatutes permitting the assessment of penalties and attorney fees for nonpayment of workers’ compensation benefits are penal in nature and must be strictly construed. The WCJ’s decision concerning whether or not to assess statutory penalties and attorney fees will not be disturbed absent an abuse of discretion. Tron v. Little Italiano, Inc., 38,556 (La. App.2d Cir.6/25/04), 877 So.2d 1055.
Roofing Supply’s and LUBA’s reliance on Nork v. Aetna Insurance Co., 496 So.2d 430 (La.App. 3d Cir.1986), as authority that Boothe is not entitled to penalties and attorney’s fees is misplaced. Nork would not agree to a recorded statement, but agreed to give an unrecorded statement. The employer did not pay until it had taken Nork’s deposition. The trial court found that, since claimant was the only witness of the alleged auto accident, the employer was not required to pay benefits until claimant was deposed and the employer determined there was a valid worker’s compensation claim. Therefore, the appellate coürt affirmed the trial court’s decision that the employer was not “arbitrary and capricious” and claimant was not entitled to penalties and attorney’s fees. Nork is distinguishable because the employee was the only witness and the employer could get no information about whether the accident was compensable until the deposition.
In this dispute, Boothe sought treatment for a prior undisputed compensable injury. Roofing Supply and LUBA’s claims manager admitted Boothe’s attorney supplied her the requested information, which was ultimately confirmed by Boothe at his deposition: The claims manager | ^acknowledged the refusal to authorize medical treatment was based solely on Boothe’s refusal to give a recorded statement.
The WCJ did mistakenly refer to arbitrary and capricious behavior by the employer. However, our review of this entire *127 record reveals no manifest error or abuse of discretion in the WCJ’s finding, essentially, that Roofing Supply and LUBA, through the claims adjuster, did not reasonably controvert Boothe’s request to see the doctor, notwithstanding the elapsed time between his last treatment and the request for additional medical care.[2] Almost immediately after the request for medical treatment was made, the employer received enough information to substantiate that the claimant’s request was based upon his previous compensable injury.
Roofing Supply and LUBA urged that, if this court found that penalties and attorney’s fees were appropriate, then $2,500 in attorney’s fees was excessive. The claimant, in answering the appeal, sought the attorney’s fees raised. The amount of attorney’s fees rests within the discretion of the WCJ and will not be disturbed unless the WCJ abused that discretion. Lems v. D’Arbonne, 38,394 (La. App.2d Cir.4/7/04), 870 So.2d 515. Nothing indicates an abuse of discretion in this matter, and the award for attorney’s fees will be neither reduced nor .increased.
Finally, the claimant asked that Roofing Supply and LUBA be cast for attorney’s fees and costs for this appeal. Finding that request 17appropriate, we order Roofing Supply and LUBA to pay the all costs of this trial and appeal and appellate attorney’s fees of $500 to claimant.

DECREE

The judgment of the Worker’s Compensation Judge awarding Ronnie Boothe penalties of $2,000 and attorney’s fees of $2,500 is affirmed. The judgment is amended ' to cast Roofing Supply and LUBA with all.trial and appellate costs. In addition,- Boothe is awarded $500 attorney’s fees for this appeal.
AMENDED AND, AS AMENDED, AFFIRMED.

. The record shows that Dr. Brown's report was offered into evidence and accepted by the WCJ. The record including exhibits does not contain this document. The litigants do not dispute that on August 4, 2000, Boothe had reached maximum medical improvement and was released by Dr. Brown.

. This decision is limited to the particular circumstances in this case. An attorney should not improperly deny employers' or claims managers’ access to the claimant for necessary investigation.